UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA ROBERT LAW,<br><br>        Plaintiff,<br><br>   vs.<br><br>CORY AMBROSE, Corporal, South Dakota Department of Corrections, in his individual and official capacities; CAPTAIN VANDERAA, Officer in Charge Captain, South Dakota Department of Corrections, in his individual and official capacities; OIC ROWHER, Officer in Charge, South Dakota Department of Corrections, in his individual and official capacities; OIC VAN DEN TOP, Officer in Charge, South Dakota Department of Corrections, in his individual and official capacities,<br><br>        Defendants. | 4:21-CV-04187-KES<br><br>1915A SCREENING |

Plaintiff, Joshua Robert Law, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Law timely paid his filing fee on November 22, 2021. This court will now screen Law's amended complaint under 28 U.S.C. § 1915A.

I.    **1915A Screening**

    A.    **Factual Background**

The facts alleged in Law's complaint are: that on August 30, 2021, he was locked in a solitary cell without clothing or water. Docket 4 at 8, 13. He claims he was in the identification room of the G. Norton Jameson Annex at the

South Dakota State Penitentiary for 22 hours, where he was forced to stay approximately five feet from a non-flushable toilet. *Id.* In an informal resolution request included in his complaint, Law alleges that this occurred because a body scan performed at 10:15 AM showed abnormal results. *Id.* at 16. He alleges that the cell did not have running water, a flushable toilet, or ventilation. *Id.* at 8. He also alleges that Cory Ambrose took his clothing, leaving him naked in the cell. *Id.* He claims that Ambrose instructed him to produce three bowel movements into a small white container before he could leave. *Id.*

Law alleges that he produced a bowel movement at approximately 11:00 AM, at which point he notified C.O. Kumi. *Id.* at 9. He alleges that the bowel movement was inspected and removed from the cell by Captain Vanderaa at approximately 1:30 PM and that he informed Captain Vanderaa that he was ready to produce a second bowel movement. *Id.* at 9. Law claims that he produced a second bowel movement at approximately 1:40 PM. *Id.* He also claims that multiple parole officers entered the room where his cell was located from 2 PM to 5 PM to bring individuals in for detainment and that some of these officers were female. *Id.* at 10. He alleges that he recognized parole officer Kayla Oelkers, who he believes saw and recognized him. *Id.* He also alleges that he notified C.O. Green of his second bowel movement at approximately 2:45 PM and an unidentified correctional officer at approximately 4:45 PM. *Id.* at 10-11. He claims that OIC Rowher inspected the second bowel movement at

2

approximately 6:30 PM and disposed of it in the non-flushable toilet in the cell. *Id.* at 11.

Law claims that he produced a third bowel movement at approximately 6:45 PM. *Id.* He also claims that he informed OIC Rowher of this at approximately 7:40 PM and that he also told OIC Rowher of the flies that were landing on him, his feces, and the two sack lunch bags and trash that were in the room from the meals he had been given. *Id.* at 11. He alleges that OIC Rowher returned with OIC Van Den Top at approximately 9:10 PM, at which point OIC Van Den Top inspected the third bowel movement and disposed of it in the non-flushable toilet. *Id.* at 12. He also alleges that OIC Rowher informed him that he would have to produce a fourth bowel movement before he could leave the cell. *Id.* He claims that he produced this bowel movement at approximately 9:00 AM the following morning. *Id.* Law claims that he was provided a DOC jumpsuit at approximately 9:30 AM and allowed to return to his normal penitentiary housing. *Id.* He also claims that he spoke with Tyler Johnson, a behavioral health counselor with the DOH, about the psychological trauma, mental anguish, and humiliation caused by this experience. *Id.* at 7.

Law brings claims against Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top in their individual and official capacities. *Id.* at 3-4. He claims that the conditions violated his Eighth Amendment rights. *Id.* at 6. He seeks $6,000 in punitive damages per defendant per hour he was in the cell, which totals $528,000. *Id.* at 7.

## B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A,

the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### C.   **Legal Analysis**

#### 1.   **Official Capacity Claims**

Law brings claims against all individual defendants in their official capacities. Docket 4 at 3-4. All individual defendants are employees of the state of South Dakota. *See id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. Although "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* Here, Law seeks money damages. The state of South Dakota has not waived its sovereign immunity. Thus, Law's claims against all individual defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

### 2. Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Law's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

Law brings claims against all defendants in their individual capacities for violating his Eighth Amendment rights. Docket 4 at 3-4. Construing his complaint liberally, Law claims that the conditions of his confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. *See id.* at 6-13. "[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.' " *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The United States Supreme Court has clarified that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation and internal quotation omitted). The Supreme Court has listed

as basic human needs "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation omitted). In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 834). An Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. *Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981).

Law alleges sufficient facts to state a claim for conditions of confinement in violation of his Eight Amendment rights. Although the deprivation was only for 22 hours, Law was denied clothing and water and was forced to stay in inhumane conditions. Although this deprivation was in response to an abnormal scan and may have been justified by the totality of the circumstances under *Villanueva*, the court cannot ascertain defendants' reasons for the deprivation at this phase. Law also alleges that all four defendants were aware of and directly participated in the constitutional violation. Thus, Law's conditions of confinement claims against Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top survive § 1915A screening.

Thus, it is ORDERED:

1. That Law's claims against all defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

2. That Law's Eighth Amendment conditions of confinement claims against Cory Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top in their individual capacities survive § 1915A screening.

3. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Law so that he may cause the complaint to be served upon defendants Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top.

4. That Law shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

5. The United States Marshal Service shall serve the completed summonses, together with a copy of the amended complaint (Docket 4) and this order, upon defendants Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top.

6. Defendants Ambrose, Captain Vanderaa, OIC Rowher, and OIC Van Den Top will serve and file an answer or responsive pleading to the

complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. Law will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 27, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE